DECISION AND JUDGMENT
{¶ 1} Appellant appeals his conviction for robbery, weapons under disability and drug theft entered on a guilty plea in the Fulton County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On the morning of October 13, 2007, a man wearing a ski mask entered a Wauseon pharmacy. The pharmacist on duty later told police that he first saw the man *Page 2 
climbing over a gate to get into the pharmacy area. The pharmacist reported that he recognized the man as appellant, Donald L. Heising, Sr., who was a regular customer. The intruder told the pharmacist that he needed drugs and did not, "* * * want to hurt anyone." The man asked the pharmacist to show him where certain drugs were kept and, when shown, took several bottles of Adderall and OxyContin. As the man was leaving, the pharmacist knocked him down and held him until police arrived.
 {¶ 3} When he was taken into custody, appellant advised police that he was carrying a handgun. Police found the gun tucked in the waistband of appellant's pants.
 {¶ 4} On October 16, 2007, the Fulton County Grand Jury handed down a five count indictment, charging appellant with aggravated robbery and robbery (both counts containing a weapon specification), having a weapon while under disability, carrying a concealed weapon and theft of drugs. Appellant entered an initial plea of not guilty, but requested a psychological evaluation for competency and a possible not guilty by reason of insanity plea. Appellant insisted that his acts were the result of a combination of prescription drugs that he was taking for a chronic illness.
 {¶ 5} When the court ordered psychological evaluation of appellant revealed that he was competent, appellant entered into a plea agreement with the state wherein he pled guilty to robbery with a one year weapon specification, weapons under disability and drug theft. The state agreed to dismiss the remaining charges, including an unrelated misdemeanor. *Page 3 
 {¶ 6} The trial court accepted appellant's plea and sentenced him to terms of incarceration of five years for robbery, consecutive to one year for the weapon specification and two years for having a weapon under disability. The court imposed a concurrent two year term of incarceration for the theft of drugs.
 {¶ 7} From this judgment, appellant now appeals. Appellant sets forth the following two assignments of error:
 {¶ 8} "1. Appellant was denied effective assistance of counsel in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution as his plea was unknowing, unintelligent and the involuntary due to counsels [sic] erroneous legal advice.
 {¶ 9} "2. Appellant was denied effective assistance of counsel in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution in Article I, Section 10 of the Ohio Constitution by failing to reasonably investigate.
 {¶ 10} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary *Page 4 
process that renders the result unreliable." Strickland v.Washington (1984), 466 U.S. 668, 687. Accord State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 11} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability of a different result but for counsel's deficiencies. See id. at 694. See, also, State v. Lott (1990),51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
 {¶ 12} A claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary. State v. Bennett, 6th Dist No. WD-08-005,2008-Ohio-5812, ¶ 5. "In ineffective-assistance claims in guilty-plea cases, `the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" State v. Ketterer,111 Ohio St.3d 70, 79, 2006-Ohio-5283, ¶ 89, quoting Hill v. Lockhart (1985),474 U.S. 52, 59.
 I. {¶ 13} In his first assignment of error, appellant asserts that he was misinformed about the potential for judicial release as stated on his written plea agreement and by the judge during his plea colloquy. Appellant insists that had he not been so misinformed that he would not have entered a guilty plea. *Page 5 
 {¶ 14} In the plea agreement that appellant entered into is language to the effect that the maximum penalty to which he could be sentenced is fifteen and one-half years, "* * * of which 1 yr is mandatory, during which I am NOT eligible for judicial release or community control. * * * Restitution, other financial costs and Judl Real. AFTER 1 1/2 yrs is possible in my case."
 {¶ 15} During the plea colloquy the court advised appellant, "Do you understand that there will be the mandatory one year for the gun spec, and if you receive prison time you will be eligible for judicial release after you've served six months. So the soonest that you could possibly consider release would be after you severed [sic] a year and a half; do you understand that?"
 {¶ 16} At sentencing, the court told appellant:
 {¶ 17} "After you have served the one year mandatory you would be, as I recall eligible-actually it would be after four years he would be eligible for-"
 {¶ 18} [Appellant's counsel] "Five."
 {¶ 19} [The Court:] "After five years he would be eligible for community control. I'm making no findings or recommendations or ruling with respect to that at this time."
 {¶ 20} Appellant maintains that had he been properly informed that he would not be eligible for judicial release for five years, rather than one and one-half years, he would not have entered into the plea agreement. He insists that his trial counsel was ineffective for failing to inform him of this. *Page 6 
 {¶ 21} The state responds that the one and one-half year listed on the plea agreement was accurate at that time. R.C. 2929.20 governs judicial release. Since the court had the option of imposing a term of less than five years, appellant would have been eligible to seek judicial release 180 days after service of his mandatory one year weapons specification term. See. R.C. 2929.20(A)(2) and (B)(2). What changed was the court's decision to impose a sentence in excess of five years. Moreover, the state insists, clearly appellant's counsel knew of these statutory variations or he would not have been able to correct the court's statement at the sentencing hearing.
 {¶ 22} Appellant's assertion of error in this context might be more persuasive if we were looking at it as a denial of a motion to withdraw the plea. See State v. Martin (2000), 140 Ohio App.3d 326, 333. Instead, the question here is whether trial counsel's performance was deficient and appellant was prejudiced as a result. Strickland, supra. In this instance, it appears that counsel was well informed of the statutory sentencing variations and it does not appear that appellant exhibited any surprise at the court-counsel discussion at sentencing of a four or five year eligibility window. Thus, appellant has failed to bring to our attention any facts tending to show that his trial counsel was not acting as the "counsel" guaranteed by the Sixth Amendment. Indeed, it appears that the information provided to appellant was accurate in its context. Accordingly, appellant's first assignment of error is not well-taken. *Page 7 
 II. {¶ 23} In his second assignment of error, appellant insists that his counsel was ineffective for failing to more seriously investigate his potential drug interaction defense. The record belies this. Counsel moved for a psychological evaluation, which included an examination of the role of prescribed drugs in appellant's offenses. The resulting report expressly rejected appellant's assertion that prescribed drugs resulted in some form of temporary insanity.
 {¶ 24} In Ohio, a diminished capacity defense is not recognized.State v. Wilcox (1982), 70 Ohio St.2d 182, paragraph one of the syllabus. Absent an insanity defense, the only relevance of the influence of prescribed drugs would be by way of a mitigation argument for sentencing. This is what appellant's counsel did, presenting appellant and three other witnesses to document anecdotally the effects of the drugs on him. Thus, appellant has failed to show any deficiency in counsel's performance in this regard. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1