[Cite as *State v. Meyers*, 2025-Ohio-5824.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. {87}WD-25-002

    Appellee                             Trial Court No.  2024 CR 0047

v.

Randall J. Meyers                         **DECISION AND JUDGMENT**

    Appellant                            Decided: December 30, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Randall Meyers, appeals the December 13, 2024 Judgment Entry of the Wood County Court of Common Pleas, sentencing him to an aggregate term of 32 months after he pled guilty to two counts of gross sexual imposition. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} On February 8, 2024, Meyers was indicted on four counts of rape, all felonies of the first degree. He was arraigned shortly after, and pled not guilty to all charges.

{¶ 3} On October 10, 2024, after extensive plea negotiations, Meyers pled guilty to two counts of gross sexual imposition, violations of R.C. 2907.05(A)(1), (C)(1), and both felonies of the fourth degree. The two remaining counts of rape were dismissed pursuant to the plea agreement.

{¶ 4} A sentencing hearing was held on December 12, 2024. At that time, the trial court imposed two 16-month sentences to be served consecutively for a total aggregate sentence of 32 months.

{¶ 5} Following his sentencing hearing, Meyers appealed to this court. He presents one assignment of error for our review:

> Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §10 of the Constitution of the State of Ohio.

## II. Law and Analysis

{¶ 6} "Upon direct appeal, appellate courts generally review claims of ineffective assistance of counsel on a de novo basis, simply because the issue originates at the appellate level; no trial court has ruled on the issue. Appellate courts review the trial record and are left to judge from the bare record whether the assistance was effective." *State v. Gondor*, 2006-Ohio-6679, ¶ 53.

2.

{¶ 7} To establish constitutionally ineffective assistance of counsel, a defendant must show "(1) deficient performance by counsel, that is, performance falling below an objective standard of reasonable representation, and (2) prejudice—a reasonable probability that, but for counsel's errors, the result would have been different." *State v. Myers*, 2018-Ohio-1903, ¶ 183, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984). "'In the context of guilty pleas, * * * in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Burns*, 2013-Ohio-5913, ¶ 23 (6th Dist.), quoting *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 8} When considering counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

{¶ 9} "A claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary." *State v. Heising*, 2008-Ohio-6803, ¶ 12 (6th Dist.), citing *State v. Bennett*, 2008–Ohio–5812, ¶ 5 (6th Dist.). In other words, "the alleged errors precluded [the defendant] from

3.

knowingly, intelligently and voluntarily entering his guilty plea." *State v. Tingler*, 2022-Ohio-3792, ¶ 11 (4th Dist.); *State v. Spates*, 64 Ohio St.3d 269, 272 (1992).

{¶ 10} In Meyers' sole assignment of error, he argues that his trial counsel provided constitutionally ineffective assistance for not taking his case to trial and for failing to address "trial issues." Meyers' argument essentially centers on the belief that the prosecution presented insufficient evidence—i.e., that the reduced charges call into question how strong the State's case was and that the victim suffers from credibility issues.

{¶ 11} Notably, Meyers does not argue that his counsel's performance caused his guilty plea to be involuntary. In his brief, Meyers concedes that his plea was *not* coerced and that "it is difficult to argue that Counsel did not do an excellent job based [on] the reduced charges Appellant pled to." As previously mentioned, a guilty plea waives all ineffective assistance of counsel claims *except* allegations that counsel's errors precluded a defendant from knowingly, intelligently and voluntarily entering his guilty plea. *See Tingler* at ¶ 11; *Heising* at ¶ 12. Accordingly, Meyers' claim that his counsel was ineffective for not taking his case to trial is waived.

### III. Conclusion

{¶ 12} Based on our review of the record and the applicable law, we find Meyers' sole assignment of error not well-taken.

4.

**{¶ 13}** Accordingly, we affirm the December 13, 2024 judgment of the Wood County Court of Common Pleas. Meyers is ordered to pay any costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                   _____
                                              JUDGE

Myron C. Duhart, J.

                                     _____

Charles E. Sulek, P.J.                                           JUDGE
CONCUR.

                                     _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.