[Cite as *State v. Sullivan*, 2012-Ohio-4317.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :            C.A. CASE NO.    23948

v.                                               :            T.C. NO.    09CR667

TERRENCE SULLIVAN                                :              (Criminal appeal from
                                                                Common Pleas Court)

    Defendant-Appellant                  :

                                                 :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the _____21st_____ day of _____September_____, 2012.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

KATHERINE A. SZUDY, Atty. Reg. No. 0076729, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  In February 2010, Terrence S. Sullivan was convicted following a jury trial in the Montgomery County Court of Common Pleas of one count of pandering obscenity involving a minor, one count of pandering sexually-oriented matter involving a

minor, one count of endangering a child, and two counts of illegal use of a minor in nudity-oriented material or performance. Sullivan was sentenced to an aggregate term of twenty-five years in prison.

{¶ 2} Sullivan appealed, challenging the sufficiency of his indictment and the trial court's denial of his Crim.R. 29 motion. In June 2011, we affirmed his conviction. *State v. Sullivan*, 2d Dist. Montgomery No. 23948, 2011-Ohio-2976. Without addressing these issues, we noted in our Opinion that Sullivan's appellate counsel "ha[d] not raised issues regarding the severity of the sentence imposed by the trial court nor whether any of the counts in the indictment [we]re allied offenses of a similar import."

{¶ 3} In December 2011, Sullivan filed an application to reopen his appeal, in which he argued that appellate counsel had been ineffective in failing to raise arguments related to the severity of his sentence and merger of the counts on which he was convicted. Observing that prior counsel failed to request or obtain a sentencing transcript, we found that Sullivan had "a colorable claim of ineffective assistance of counsel based on appellate counsel's failure to challenge the trial court's imposition of an aggregate twenty-five-year prison term and its failure to merge allied offenses of similar import." We ordered additional briefing of the arguments raised in the application to reopen.

{¶ 4} In his supplemental brief, Sullivan raises four assignments of error; the first two arguments relate to merger of the offenses, and the third and fourth relate to ineffective assistance of counsel in failing to pursue the issues related to merger. He does not challenge the severity of the sentence. For the following reasons, the judgment of the trial court will be affirmed.

*Facts and Procedural History*

{¶ 5} Some background information and a description of the evidence offered in support of the charges will be helpful to our discussion of Sullivan's arguments.

{¶ 6} The female victim, who was 14 or 15 years old at the time of the offenses, lived with Sullivan for many months while he was dating the victim's mother. During this time, Sullivan learned that the victim was interested in modeling and that she was a fan of a German band named Tokio Hotel. The victim visited the website of Tokio Hotel, and she thereafter began to receive email correspondence from someone she believed to be a band member, "Bill." The State's evidence suggested that the electronic correspondence was actually orchestrated by Sullivan, and that he used the online relationship to encourage the victim to send "Bill" nude or topless pictures of herself. Sullivan offered to help the victim by taking photographs of her and claimed to also communicate with "Bill." The victim sent nude photographs (and possibly one video) of her own creation to "Bill" via email; she also let Sullivan take many additional pictures of her, believing that he would send those pictures to "Bill" and then delete them from his computer and memory devices. A family friend inadvertently discovered these pictures on a memory card that Sullivan left at the victim's home after Sullivan moved out, and the matter was reported to the police.

{¶ 7} A five-count indictment was filed against Sullivan. Count One, pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1), was based on a photograph which, according to the victim, depicted her vagina and Sullivan's penis. The photograph was taken by Sullivan and, in the photo, his penis is placed at or inside the opening to the victim's vagina.

{¶ 8}    Count Two, pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), is based on a video that may have been created by the victim herself using her own home computer, but she "d[id]n't remember;" she testified that she did not create the video using Sullivan's computer, although a copy of it was found on his flash drive.   The video depicts the victim masturbating.   According to the State's theory of the case, Sullivan acquired this video when the victim emailed it to "Bill."

{¶ 9}    Count Three charged endangering a child in violation of R.C. 2919.22(B)(5), and Counts Four and Five charged illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) and (3).   These charges were based on a series of photos taken in the victim's room.   In one photograph, the victim sat on her bed with her legs spread, wearing no pants or underwear, with her pubic area exposed. Other photographs found on Sullivan's flash drive depicted the victim from the waist up, sitting on her bed, with her arms crossed under her exposed breasts, and reclining on her bed with her breasts exposed.   It is apparent in the latter picture that the victim is not wearing pants or undergarments, but her genitals are not visible.

### *Merger*

{¶ 10}    In his first and second assignments of error, Sullivan claims that Counts One, Three, Four, and Five should have merged or that, at the very least, Counts Four and Five should have merged, "because they were committed by the same conduct and with the same animus."   He makes no merger argument related to Count Two (the video).

{¶ 11}    R.C. 2941.25 addresses the issue of merger and provides:

(A) Where the same conduct by defendant can be construed to

constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 12} The Ohio Supreme Court's test for determining when offenses are allied offenses of similar import that must be merged pursuant to R.C. 2941.25 is set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The supreme court held that, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. It explained:

Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses

correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations and quotations omitted ) *Johnson* at ¶ 47–51.

**{¶ 13}** A defendant who argues on appeal that the trial court erred by not merging multiple offenses bears the burden to show that the offenses are allied pursuant to R.C. 2941.25. *State v. Hale*, 2d Dist. Clark No. 11 CA 33, 2012-Ohio-2662, ¶ 24.

**{¶ 14}** We begin with Sullivan's argument that the offenses in Counts Three, Four, and Five, which were based on the partially nude photographs of the victim (marked in the record as State's Exhibits 3c, 3d, and 3e), were allied offenses, because they were taken on the same day at the same location.

**{¶ 15}** Count Three charged Sullivan with endangering a child by enticing, encouraging, using, or allowing the child "to act, model, or in any other way participate in,

or be photographed for, the production, presentation, dissemination, or advertisement of any material or performance that the offender knows or reasonably should know is obscene, is sexually oriented matter, or is nudity-oriented matter." R.C. 2919.22(B)(5). Count Four charged that Sullivan had photographed a minor who was not his child in a state of nudity or had created, produced or transferred any material or performance that showed the minor in a state of nudity for an unauthorized purpose and without a parent's consent. R.C. 2907.323(A)(1). Count Five alleged that Sullivan possessed or viewed "any material or performance that shows a minor who is not the person's child in a state of nudity," for an unauthorized purpose and without a parent's consent. R.C. 2907.323(A)(3). Counts Three, Four, and Five could arguably have been committed by the same conduct. Thus, we will focus our attention on the second part of the test: whether the offenses were "a single act, committed with a single state of mind."

{¶ 16} The evidence supports Sullivan's claim that pictures 3c, 3d, and 3e were taken during a single encounter between Sullivan and the victim in the victim's bedroom. The victim testified that these pictures were all taken on the same day, in her room, and, in two of the pictures, she is partially clothed in the same article of clothing.

{¶ 17} The fact that the pictures were taken during a single session, however, does not compel the conclusion that Sullivan had a single animus and did not act separately as to each picture. "'[T]he mere fact that the crimes occurred in quick succession * * * does not mean that they were not committed separately or with separate animus." *State v. Hines*, 8th Dist. Cuyahoga No. 90871, 2009-Ohio-2118, ¶ 42, quoting *State v. Blanchard*, 8th Dist. Cuyahoga No. 90935, 2009-Ohio-1357, ¶ 12 (reversed on other grounds).

{¶ 18}     According to the victim, on the day the pictures marked as State's Exhibits 3c, 3d, and 3e were taken, Sullivan began by taking "portrait pictures" of her face, then suggested that she pose topless; he eventually suggested that she pose with no pants or underwear, positioning her first with her legs closed, and later with her legs open, exposing her vagina.     The victim's testimony does not suggest rapid-fire photography, but a deliberate progression into more and more revealing photos, with direction given by Sullivan between the photos as to how the victim should pose.   (No evidence was presented about the length of this photo session.)

{¶ 19}     Based on the victim's testimony about how the photo session occurred and unfolded, including Sullivan's enticement that the victim take pictures of herself or have them taken, his taking of the pictures, and his subsequent transferring and viewing of them, we cannot conclude that the trial court erred in refusing to treat the three offenses represented by these pictures as allied offenses.   *See State v. Stoffer*, 7th Dist. Columbiana No. 09-CO-1, 2011-Ohio-5133, ¶ 186 (concluding that separate pictures showing victim in various stages of nudity constituted three distinct acts of illegal use of a minor in nudity-oriented material or performance, and the offenses need not be merged; while they may have been taken within seconds of each other, the pictures were taken separately and at "distinctly different times"); *Blanchard* (holding that trial court was not required to merge various charges of pandering based on numerous photographs, because each photo involved "a separate physical act to take the photograph, and resulted in a separate photographic image"); *State v. Douse*, 8th Dist. Cuyahoga No. 79318, 2001 WL 1524420 (Nov. 29, 2001) (holding that "commonality of content" did not establish a single animus where photographs

"vary greatly by background, outfit, pose and activity"). *See, also, Hines* (concluding that multiple texts sent within a short period of time represented separate and distinct acts of importuning).

{¶ 20}    Sullivan also failed to show that the trial court erred in not merging Count One with Counts Three, Four, and/or Five.   The photograph forming the basis of Count One (State's Exhibit 3a) depicts vaginal contact with Sullivan's penis.   The presence of Sullivan's penis in the photo and the depiction of clear sexual contact, which was absent in the other photos, demonstrate that this photograph was taken separately or with a separate animus from the other pictures.

{¶ 21}    Sullivan's first and second assignments of error are overruled.

### Ineffective Assistance of Counsel

{¶ 22}    In his third and fourth assignments of error, Sullivan argues that he was denied his constitutional right to the effective assistance of counsel, because his attorney did not object to the trial court's failure to merge Counts One, Three, Four, and Five.   As we discussed above, the trial court did not err in failing to merge these counts.   Thus, counsel was not ineffective in failing to raise this argument.

{¶ 23}    The third and fourth assignments of error are overruled.

### Conclusion

{¶ 24}    The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J., concurs.

GRADY, P. J., concurring:

{¶ 25}    I agree that the offenses in Counts Three, Four and Five should not be merged because each was committed separately  from the other when Defendant took the particular photo of the victim from which the offense arises.   However, I do not agree that the three offenses were each committed with a separate animus for purposes of R.C. 2941.25(B).   The three offenses were instead committed with a continuing animus, or evil intent, which was the Defendant's sexual gratification by engaging in the conduct each offense involved.

. . . . . . . . . .

Copies mailed to:

R. Lynn Nothstine
Katherine A. Szudy
Hon. Barbara P. Gorman