[Cite as *State v. Hodge*, 2014-Ohio-1860.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                    :

        Plaintiff-Appellee                       :        C.A. CASE NO.    2013 CA 27

v.                                               :        T.C. NO.    12CR408

LEE D. HODGE                                     :          (Criminal appeal from
                                                           Common Pleas Court)

        Defendant-Appellant                      :

                                                 :

                            . . . . . . . . . .

                        **O P I N I O N**

                Rendered on the ____2nd____ day of ____May____ 2014.

                            . . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, 201 W.
Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

JEREMY M. TOMB, Atty. Reg. No. 0079664, 124 W. Main Street, Troy, Ohio 45373
        Attorney for Defendant-Appellant

                            . . . . . . . . . .

FROELICH, P.J.

        {¶ 1}   After a bench trial in the Miami County Court of Common Pleas, Lee

Hodge was convicted of twelve counts of pandering sexually oriented matter involving a

minor, in violation of R.C. 2907.322(A)(1), a second-degree felony.   The trial court merged

the offenses into one count and sentenced Hodge to two years in prison. Hodge was designated a Tier II sex offender. The trial court stayed Hodge's sentence pending appeal.

{¶ 2} Hodge appeals from his conviction, challenging the sufficiency of the evidence against him and his sentence. For the following reasons, the trial court's judgment will be affirmed.

## I. Sufficiency of the Evidence

{¶ 3} Hodge's first assignment of error states: "The trial court prejudicially erred when it failed to grant Defendant-Appellant's motion for acquittal pursuant to Ohio Rule of Criminal Procedure 29."

{¶ 4} When reviewing the denial of a Crim.R. 29(A) motion, an appellate court applies the same standard as is used to review a sufficiency of the evidence claim. *State v. Sheppeard*, 2d Dist. Clark No. 2012 CA 27, 2013-Ohio-812, ¶ 51. "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). When reviewing whether the State has presented sufficient evidence to support a conviction, the relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Dennis* at 430.

**{¶ 5}** Hodge was charged with violating R.C. 2907.322(A)(1), which provides: "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following: (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality."

**{¶ 6}** The evidence at Hodge's trial consisted of stipulated facts; no witnesses were presented. Defense counsel orally stipulated to the identity of the defendant, i.e., that Hodge was the defendant charged in the indictment. The parties also offered and filed written stipulations, which stated:

1. That the images in question were found on the Defendant's computer, and all depicted minors participating or engaging in sexual activity, masturbation, or bestiality.

2. That the Defendant, after being read his Miranda rights, admitted that he had knowingly downloaded the images/videos to his personal computer and further, had knowledge of the character of the material or performance involved before he downloaded it to his computer.

3. That the Defendant's conduct took place in Laura, Miami County, Ohio on October 30, 2012.

4. That the charges all merge for purposes of sentencing.

The State provided the trial court, as exhibits, three appellate rulings concerning whether "downloading" constitutes "reproducing" for purposes of R.C. 2907.322(A)(1): *State v. Sullivan*, 2d Dist. Montgomery No. 23948, 2011-Ohio-2976; *State v. Huffman*, 165 Ohio

App.3d 518, 2006-Ohio-1106, 847 N.E.2d 58 (1st Dist.); and *State v. Butler*, 9th Dist. Summit No. 24446, 2009-Ohio-1866. Hodge moved for a judgment of acquittal, pursuant to Crim.R. 29(A), which the trial court denied.

{¶ 7} On May 29, 2013, the trial court filed a Decision and Verdict finding Hodge guilty of all counts. The court indicated that it had reviewed the stipulations and relevant case law, including *Sullivan*, and it concluded that "downloading the images by defendant from any source constitutes reproduction under R.C. 2907.322(A)(1)." Hodge had admitted in the stipulations, and the trial court found, that all other elements of R.C. 2907.322(A)(1) were also satisfied.

{¶ 8} On appeal, Hodge asserts that the act of downloading an image or video to his personal computer does not constitute "reproduction" for purposes of R.C. 2907.322(A)(1) and, therefore, there was insufficient evidence to convict him under that statute. He claims that the case law relied upon by the State and the trial court is distinguishable, and that his conduct more reasonably falls within R.C. 2907.322(A)(5), which states: "No person, with knowledge of the character of the material or performance involved, shall do any of the following: * * * (5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality." (A violation of R.C. 2907.322(A)(5) is a fourth-degree felony.) Hodge argues that the language of R.C. 2907.322(A)(1)-(4) and (6)[1]

---

[1] These sections provide:

(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

(1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in

(all second-degree felonies) addresses behavior "that would suggest an offender is directly victimizing individuals or actively trying to promulgate the illegal images to an audience beyond the offender's own use."

{¶ 9} In *Sullivan*, the defendant was indicted on one count of pandering obscenity involving a minor, one count of pandering sexually oriented matter involving a minor, one count of endangering children, and two counts of illegal use of a minor in nudity oriented material or performance; the charges were based on 141 images and videos located on a "flash card" belonging to the defendant. With respect to the charge under R.C. 2907.322(A)(1), the defendant admitted to possessing a video that showed his ex-girlfriend's 16-year-old daughter masturbating and to "stealing" the video from a website, but the defendant did not admit to creating, recording, photographing, filming, developing,

---

sexual activity, masturbation, or bestiality;

(2) Advertise for sale or dissemination, sell, distribute, transport, disseminate, exhibit, or display any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

(3) Create, direct, or produce a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

(4) Advertise for presentation, present, or participate in presenting a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

* * *

(6) Bring or cause to be brought into this state any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality, or bring, cause to be brought, or finance the bringing of any minor into or across this state with the intent that the minor engage in sexual activity, masturbation, or bestiality in a performance or for the purpose of producing material containing a visual representation depicting the minor engaged in sexual activity, masturbation, or bestiality.

reproducing or publishing the video. The defendant argued to the trial court that he was entitled to a judgment of acquittal under Crim.R. 29 on that count. The trial court denied the motion on the ground that the defendant had admitted to downloading the video from a website. In affirming the defendant's conviction under R.C. 2907.322(A)(1), we agreed with the First District's opinion in *Huffman* that a rational trier of fact could reasonably conclude that a defendant had reproduced the images when there was evidence that the defendant either backed up the impermissible images that had been on his hard drive or downloaded them from the Internet. *Sullivan* at ¶ 33-34, citing *Huffman*.

{¶ 10} We find *Sullivan* to be controlling, and we see no reason to depart from it. Hodge, like the defendant in *Sullivan*, admitted to downloading prohibited images to his computer. Although there may be some ambiguity in the meaning of "reproduce" and "download," a reasonable juror could conclude that Hodge located the prohibited images and videos on the internet and copied them by "downloading to his personal computer," where they "were found." The language of R.C. 2907.322(A)(1)-(4) and (6) concerns not only the origination and dissemination of prohibited materials, but also reasonably prohibits the creation of additional copies of the prohibited materials through "reproduction" (R.C. 2907.322(A)(1)), regardless of whether those materials were intended for individual use.

{¶ 11} The first assignment of error is overruled.

## II. Sentencing

{¶ 12} Hodge's second assignment of error states: "The trial court abused its discretion in sentencing the Defendant to prison."

{¶ 13} Hodge claims that the trial court erred in failing to sentence him to

community control. Although he acknowledges that a presumption of incarceration applies to second-degree felonies, he asserts that the trial court failed to consider his specific conduct and the testimony of his expert witness in determining that he did not meet the requirements of R.C. 2929.13(D)(1)(b).

{¶ 14} Under R.C. 2929.13(D)(1), a second-degree felony carries a presumption that "a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." However, a trial court may impose community control sanctions instead of prison if the trial court makes both of the following findings:

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism[, and]
>
> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

**{¶ 15}** R.C. 2929.12(B) sets forth the factors indicating an offender's conduct is more serious; R.C. 2929.12(C) sets forth the factors indicating that an offender's conduct is less serious.   The "more serious" factors include:

(1)   The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim;

(2)   The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3)   The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4)   The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5)   The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6)   The offender's relationship with the victim facilitated the offense.

(7)   The offender committed the offense for hire or as a part of an organized criminal activity.

(8)   In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9)     If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

R.C. 2929.12(B).   The "less serious" factors include:

(1)     The victim induced or facilitated the offense.

(2)     In committing the offense, the offender acted under strong provocation.

(3)     In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4)     There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

R.C. 2929.12(C).

{¶ 16}     At sentencing, Hodge called his father, Rick Hodge, and Dr. Fred Sacks, a psychologist with experience in sex offender evaluations, to testify on his (Hodge's) behalf. Sacks stated that he saw Hodge nine or ten times for a forensic psychological evaluation. Sacks identified the testing methods that he used, and he indicated that he reached several diagnoses for Hodge: adjustment disorder with mixed anxiety and depressed mood, paraphilia not otherwise specified (child pornography), and prominent features of schizoid

personality disorder and schizotypal personality disorder. Sacks recommended counseling for Hodge, which Hodge had started.

{¶ 17} Discussing differences among sex offenders, Sacks testified that there are contact sex offenders and non-contact sex offenders; Hodge is a non-contact sex offender. Sacks stated that, within the group of non-contact sex offenders, Hodge had "very, very few" of the risk indicators for recidivism and that "child pornography offenders in particular are a very, very low rates for recidivism, especially a first-time offender." Sacks recommended that Hodge be involved in a sex offender-specific treatment program for at least three to five years, followed by maintenance therapy. Sacks testified that he believed Hodge to be amenable to treatment. When asked on cross-examination about the numbers of images that Hodge had downloaded, Sacks stated that he believed that "there were thousands of images, and that it has been collected over years." Dr. Sacks's written report indicated that Hodge discovered child pornography when he was 21 years old (he was 23 years old at the time of the offenses), and Hodge reported using child pornography three times per week and sometimes every night. (Hodge stated to the presentence investigator that he viewed and downloaded child pornography at least once per week and downloaded up to 100 files per night.)

{¶ 18} Hodge's father testified that Hodge had "never ever been a problem" to his parents. He stated that Hodge does not drink or take drugs, is honest, and socializes with his friends. Hodge's father believed that Hodge would follow orders to engage in counseling. Rick Hodge indicated that Hodge would continue to live with his parents until he is financially able to move out.

**{¶ 19}** Hodge's attorney argued on Hodge's behalf that Hodge had appeared at every hearing, that he was cooperative with investigators, and that he was amenable to community control. Counsel argued that the court should provide Hodge the opportunity for rehabilitation. Hodge also told the court that he had a good support network, that he hoped to "turn [his] life around," and that he intended to continue with counseling "for as long as [his therapist] feels I need to be in there, as long as my parents do, anyone."

**{¶ 20}** In imposing sentence, the court noted the presumption that a prison term was consistent with the purposes and principles of sentencing, but that the presumption could be overcome if the court made two findings. The trial court found that community control sanctions would adequately punish Hodge and protect the public, but it found that R.C. 2929.13(D)(1)(b) was not satisfied. The court explained:

> The Court finds that, you know, the defendant downloaded, as testified to here today, thousands of images of videos – and videos of children, as young as seven years old, engaging in sexual activity, masturbation and bestiality, and that he's done this for a number of years. It's impossible for the Court to put into words how serious that conduct is because while the defendant looks at his conduct, he doesn't – I don't believe has addressed in any way the harm done to all of the children who are forced to perform the acts that he chose to download and, and use for his own gratification. The exploitation of those children is an extremely serious matter, and that exploitation occurs in large part because there are people like the defendant who want to participate in this kind of criminal behavior.

And so the Court cannot find that the factors weighing – finding that the defendant's conduct is less serious outweigh the factors that would find the defendant's conduct more serious. Therefore, the Court finds that a sentence to prison is consistent with the purposes and principles of the sentencing statute.

**{¶ 21}** We find no error in the trial court's determination. The trial court indicated that it had considered Dr. Sacks's report, the presentence investigation report, the testimony of the witnesses at the sentencing hearing, and the statements from Hodge and his attorney. The court further indicated that it had considered the purposes and principles of sentencing, including the recidivism and seriousness factors. Dr. Sacks's testimony and report primarily addressed Hodge's risk of recidivism, which related to the trial court's first finding under R.C. 2929.13(D)(1)(a) that community control would adequately punish Hodge and protect the public. Considering the factors set forth in R.C. 2929.12(B) and (C) there was no evidence that Hodge's conduct was less serious than conduct normally constituting a violation of R.C. 2929.322(A)(1). The trial court did not err in concluding that R.C. 2929.13(D)(1)(b) was not satisfied.

**{¶ 22}** Hodge's second assignment of error is overruled.

### III. Conclusion

**{¶ 23}** The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Janna L. Parker
Jeremy M. Tomb
Hon. Christopher Gee