**[Cite as *State v. Sanders*, 2021-Ohio-2431.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-86 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-507 |
| | : | |
| OLIVER SANDERS, III | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of July, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Pornographic images and videos of minors were found stored on Oliver Sanders's cellphone. He was convicted of a total of 49 counts of pandering obscenity involving a minor, pandering sexually oriented matter involving a minor, and illegal use of a minor in nudity-oriented material. He appeals, and we affirm the convictions.

## I. Factual and Procedural Background

**{¶ 2}** In March 2019, nine-year-old R.H.[1] told her mother that she had been sexually abused by Sanders, a relative. The police were contacted, and an investigation began. R.H. was interviewed by Ann Mann, a forensic interviewer at the Clark County Child Advocacy Center. R.H.'s older sister, thirteen-year-old K.H., was also interviewed. K.H. said that Sanders had sexually abused her too and showed her images of child pornography on his cellphone. Later, Sanders was interviewed by Detective Sandy Fent of the Springfield Police Department, and he gave Fent his cellphone for examination. A forensic examination of the phone revealed numerous images and videos of child pornography. In late April 2019, Sanders was indicted on nine counts of rape and one count of gross sexual imposition, as well as 38 counts of pandering sexually oriented matter involving a minor, six counts of pandering obscenity involving a minor, and seven counts of illegal use of a minor in nudity-oriented material. The case was tried to a jury.

**{¶ 3}** At the trial, Detective Brian Melchi testified that he had been trained to perform a forensic examination of cellphones and that he had performed a forensic extraction of all the data on Sanders's cellphone and placed the data on a USB drive, which he gave to Detective Fent. There were 487 images and videos on the cellphone.

---

[1] Initials are used to protect the privacy of minors.

Detective Fent testified that she had examined each one and found 27 images and videos showing sexual activity involving minors, naked minors, and the genitalia of minors. Detective Fent also found numerous personal, non-pornographic pictures and videos stored on the phone that plainly identified the cellphone as Sanders's. Fent testified that the pornographic material was stored intermingled with the personal material. She also testified that the creation dates of the digital files containing the pornography (September 2017 - January 2019) overlapped with the creation dates of the files containing the personal images and videos (June 2015 - January 2019). Detective Fent testified that the pornographic material was "downloaded to [Sanders's] phone." (Tr. 200.) While the creation dates of some files predated when Sanders said he got the phone, Fent said that those files could have been transferred onto the phone.

{¶ 4} K.H. took the stand and testified that, in late 2015, Sanders tried to show her child pornography on his cellphone:

Q. And did he show you lots of pictures? How many pictures?

A. Yeah, it was like on a web browser, so it was like he searched it up and was like swiping through and showing me them.

Q. So he—are you saying that he pulled it up off the Internet right there in front of you?

A. No, it was already like pulled up on his phone.

(Tr. 336.)

{¶ 5} Sanders took the stand in his own defense and basically said that he did not know how the pornographic material got on his cellphone. He testified that he did not own a phone until 2016, when he rented one for two to four months. Sanders said that he

bought the phone on which the child pornography was found used from Amazon.com in February 2017. He testified that he did not transfer any pictures and did not know how the pornographic material got on the phone. Sanders said that he had had problems with images he did not recognize showing up on the phone and that he had purchased antivirus software to fix the problem.

{¶ 6} Sanders moved for a judgment of acquittal on all the counts. The trial court dismissed four counts of rape and two counts of illegal use of a minor in nudity-oriented material. The jury found Sanders not guilty of the remaining rape charges and the charge of gross sexual imposition, but it found him guilty of the remaining 49 counts based on the child pornography. The trial court declined to merge any of the offenses as allied offenses of similar import, and it sentenced Sanders to prison for 16 years: eight years total for the six charges of pandering obscenity involving a minor; eight years total for the 38 charges of pandering sexually-oriented matter involving a minor, consecutive to the sentence for pandering obscenity; and five years total for the five charges of illegal use of a minor in nudity oriented material, concurrent with the other sentences.

{¶ 7} Sanders appeals, assigning five errors to the trial court.

## II. Analysis

### A. Denial of the motion for acquittal

{¶ 8} The first assignment of error alleges:

THE TRIAL COURT COMMITTED ERROR WHEN IT OVERRULED DEFENSE RULE 29 MOTION TO DISMISS COUNTS 13-60.[2]

---

[2] We assume from the record that "60" is a numerical error and that it should read "61," because there were 61 counts in the indictment.

{¶ 9} Sanders does not dispute the pornographic character of any of the material or that minors were depicted. Rather, he contends that the evidence was insufficient to show that he knew about the material or that he was responsible for its being on his cellphone.

{¶ 10} "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 11} The 49 offenses of which Sanders was found guilty comprised violations of three different statutes. Six offenses were pandering obscenity involving a minor under R.C. 2907.321, three of which were charged under R.C. 2907.321(A)(1) and three under (A)(5):

(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

(1) Create, reproduce, or publish any obscene material that has a minor or impaired person as one of its participants or portrayed observers.

* * *

(5) Buy, procure, possess, or control any obscene material, that has a minor or impaired person as one of its participants.

Thirty-eight offenses were pandering sexually oriented matter involving a minor under R.C. 2907.322; of those, 19 counts were violations of division (A)(1) and 19 were violations of division (A)(5):

(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

(1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality.

* * *

(5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality.

Finally, five offenses were illegal use of a minor in nudity-oriented material under R.C. 2907.323(A)(3):

(A) No person shall do any of the following:

* * *

(3) Possess or view any material or performance that shows a minor

* * * who is not the person's child or ward in a state of nudity[.]

{¶ 12} Sanders was found guilty under division (A)(1) of R.C. 2907.321 and 2907.322 for "reproduc[ing]" pornographic material and under division (A)(5) of that statute for "possess[ing]" the material. "The state can prove that an offender reproduced such material by presenting evidence that the offender downloaded images from the

Internet onto a hard drive." *State v. Kraft*, 1st Dist. Hamilton No. C-060238, 2007-Ohio-2247, ¶ 92, citing *State v. Huffman*, 165 Ohio App.3d 518. 2006-Ohio-1106, 847 N.E.2d 58 (1st Dist.) (evidence proving sexually orientated matter was downloaded from the internet and stored is sufficient evidence for a trier of fact to conclude the images were reproduced for purposes of R.C. 2907.322(A)). *Accord State v. Sullivan*, 2d Dist. Montgomery No. 23948, 2011-Ohio-2976, ¶ 34 (agreeing with *Huffman*). As for possession, "[p]ossession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession." R.C. 2901.21(F)(1).   We note too that "[t]he state may rely solely on circumstantial evidence in proving that the defendant had knowledge of the character of the material." *Kraft* at ¶ 87 (referring to R.C. 2907.322), citing *State v. Burgin*, 56 Ohio St.2d 354, 364, 384 N.E.2d 255 (1978).

{¶ 13} Sanders was found guilty of the 49 offenses for "reproduc[ing]" and of "possess[ing]" 27 different images and videos of child pornography. The pornographic material was found on his cellphone intermingled with personal photographs and videos. The evidence showed that the pornographic material was downloaded to the phone after Sanders got the phone. According to the testimony, the pornographic material also could have been transferred onto the phone. Finally, there was testimony showing that, in the past, Sanders had stored pornographic images of children on his cellphone.

{¶ 14} Viewing this evidence in a light most favorable to the prosecution, we conclude that the jury could have reasonably inferred that Sanders, knowing its character, viewed and downloaded the pornographic material and stored it on his cellphone.

Therefore, the trial court did not err by overruling his motion for acquittal of the 49 offenses.

{¶ 15} The first assignment of error is overruled.

**B. Manifest weight of the evidence**

{¶ 16} The second assignment of error alleges:

THE JURY HAD INSUFFICIENT EVIDENCE TO CONVICT APPELLANT.

{¶ 17} Despite the wording of this assignment of error, Sanders actually argues that his convictions were against the weight of the evidence. "To evaluate a claim that a jury verdict is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 18} Sanders's weight-of-the-evidence argument is based on the same reasoning as his acquittal argument: he says that he bought the phone used and did not know how the child pornography got on it. He contends that he did not transfer pictures from an old phone, that he had had problems with images showing up on the phone that he did not recognize, and that he had purchased antivirus software to fix the problem. Sanders argues that the State did not present any witness or expert who testified that he knowingly reproduced or possessed any of the photos or videos and that the State could have sought expert assistance from the Ohio Bureau of Criminal Investigation (BCI).

{¶ 19} Sanders's arguments about the State's evidence are not convincing. Other than his own testimony, Sanders did not present any evidence that conflicted with the State's evidence on the pornographic material—how it got on the phone, creation dates, locations in which it was stored on the phone, intermingling with his other photos, and evidence he showed some of the pictures to K.H. While the State could have sought assistance from the BCI, it did not have to. In the end, the jury simply chose not to believe Sanders, which was a reasonable choice. This is not the " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *Martin* at 175. We conclude that the jury neither lost its way nor created a miscarriage of justice in finding Sanders guilty of the offenses.

{¶ 20} The second assignment of error is overruled.

### C. Prosecutorial misconduct

{¶ 21} The third assignment of error alleges:

THE PROSECUTOR COMMITTED REVERSIBLE ERROR BY VIOLATING APPELLANT'S FIFTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL.

{¶ 22} Sanders contends that during the prosecutor's direct examination of Ann Mann, the juvenile forensic interviewer, the prosecutor continued to elicit improper, prejudicial comments from Mann even after the trial court had sustained an objection. He also contends that, during closing arguments, the prosecutor misled the jury regarding the burden of proof.

{¶ 23} "The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected any substantial right of the

accused." *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 678, ¶ 61, quoting *State v. Jones*, 90 Ohio St.3d 403, 420, 739 N.E.2d 300 (2000). "[T]he touchstone of analysis 'is the fairness of the trial, not the culpability of the prosecutor.' " *Id.*, citing *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). "In reviewing allegations of prosecutorial misconduct, we review the alleged wrongful conduct in the context of the entire trial," and if "it is clear beyond a reasonable doubt that a jury would have found the defendant guilty even absent the alleged misconduct, the defendant has not been prejudiced and his conviction will not be reversed." (Citation omitted.) *State v. Underwood*, 2d Dist. Montgomery No. 24186, 2011-Ohio-5418, ¶ 21.

{¶ 24} During the State's direct examination of Mann, the prosecutor asked if R.H. made a disclosure about sexual abuse in her interview. The trial court sustained an objection on hearsay grounds, and the prosecutor ceased this line of questioning and proceeded to ask about how anatomical drawings were used in the interview process and the process in general. Then the prosecutor asked what the referral for R.H. contained. The court again sustained an objection for hearsay. The prosecutor then attempted to ask what items were listed in the allegation column of the referral, at which point the court called the prosecutor and defense counsel to the bench. The prosecutor explained to the court that he was attempting to address whether R.H. was sexually abused by her mother. The court ruled that Mann could not testify as to whether that abuse had happened or not. With that ruling, the prosecutor ended his examination.

{¶ 25} The prosecutor's questions did not result in any prejudicial statements being made by Mann, and while defense counsel objected to hearsay, he did not ask the court for a curative instruction. Furthermore, Sanders was convicted for only the offenses

pertaining to the child pornography, not rape and gross sexual imposition. To the extent that any hearsay was uttered in front of the jury, we conclude it did not affect the fairness of the trial.

{¶ 26} During the trial, defense counsel had stated that the Ohio BCI employed computer specialists who could determine where items on a phone originated from and whether they were downloaded, highlighting that the police in this case did not consult with the BCI. During closing arguments, the prosecutor stated that "Mr. Hunter [the defense attorney] could have sent the phone to BCI." (Tr. 487.)   Defense counsel objected to this statement on the basis that it improperly shifted the burden of proof. The trial court overruled the objection and reminded the jury that "the defendant does not bear any burden of proof."

{¶ 27} The prosecutor's statements do not appear to us to have been an attempt to shift the burden of proof but rather a response to the defense's own argument that a BCI examination of the phone could have revealed Sanders's innocence. The prosecutor's point was that the defense did not take its own advice. At any rate, any confusion created by the prosecutor's statement was clarified by the trial court when it reminded the jury that the defense bore no burden of proof.

{¶ 28} The third assignment of error is overruled.

### D. Allied offenses

{¶ 29} The fourth assignment of error alleges:

THE TRIAL COURT ERRED IN FINDING THE OFFENSES WERE NOT ALLIED.

{¶ 30} The U.S. and Ohio Constitutions prohibit multiple punishments for the same offense. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. R.C. 2941.25 codifies these constitutional protections by prohibiting a court from imposing separate sentences for what are called "allied offenses of similar import." The Ohio Supreme Court has said that offenses are not allied and that separate sentences may be imposed if the answer to any of the following questions is yes: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. "A defendant who argues on appeal that the trial court erred by not merging multiple offenses bears the burden to show that the offenses are allied pursuant to R.C. 2941.25." (Citation omitted.) *State v. Sullivan*, 2d Dist. Montgomery No. 23948, 2012-Ohio-4317, ¶ 13.

{¶ 31} Sanders contends on appeal that all 49 offenses were allied offenses of similar import and should have been merged for sentencing, because they were all, at root, based on the same conduct—possessing obscene material showing a minor.

{¶ 32} But this was not what Sanders argued in the trial court. There, Sanders's merger argument was much more limited. According to the transcript of the sentencing hearing, Sanders submitted a sentencing memorandum that raised the issue of merger. The memorandum is not in the record, nor is it listed on the docket sheet. When given the opportunity to address the merger issue, defense counsel seemed to concede that most of the offenses did not merge and argued only that the "reproducing" offenses based on a series of images that were downloaded in quick succession should merge:

      * * * Your Honor, I've read the case law. I thank the prosecutor for him in State V Campbell [sic], but I've read other case law in anticipation of this; and it's clear that when it comes to this specific offense, the courts have determined that each and every doubt of all this is considered a separate offense, and I understand that.

      However, the only thing I'd point out is that, and I don't have the—in front of me but there were, I think, four or five pictures downloaded, I think, at the exact same time, and I don't know which ones they are but I would— I guess my position would be, those appear to be exact minutes, so I think my argument would be that those should be merged for purposes of sentencing, as they appear to be all happening at once as best I can tell from what I was given in discovery, Your Honor. Thank you.

(Sentencing Tr. 4). The State responded by citing *State v. Campbell*, 12th Dist. Butler No. CA2014-06-137, 2015-Ohio-1409, which states that "[a]lthough the defendant may have obtained images around the same time, each file obtained constitutes a new and distinct crime because the 'mere fact that the crimes occurred in quick succession does not mean that they were not committed separately or with separate animus.' " *Id.* at ¶ 20, quoting *State v. Eal*, 10th Dist. Franklin No. 11AP-460, 2012-Ohio-1373, ¶ 93. The trial court agreed with the State and, citing *Campbell*, ruled against merging the offenses.

{¶ 33} The trial court's ruling is undoubtedly correct.

{¶ 34} But that ruling is very narrow compared to Sanders's argument here that all the offenses should merge. "A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below." *State v.*

*Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). Sanders never objected to separate sentences for any other offenses. Because he failed to bring the claim of error to the trial court's attention, he forfeited it. So to this forfeited claim, Crim.R. 52(B)'s plain-error standard applies. Sanders cannot prevail on his merger claim unless he shows that "(1) there was an error, (2) the error was 'plain,' i.e., obvious, and (3) the error affected substantial rights." *State v. Tench*, 156 Ohio St.3d 955, 2018-Ohio-5205, 123 N.E.3d 955, ¶ 217, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ 35} Sanders was found guilty of 49 offenses based on 27 different images or videos. The law is clear that child pornography offenses are offenses of dissimilar import if each offense involves a separate file or image. *See State v. Stapleton*, 4th Dist. Pickaway No. 19CA7, 2020-Ohio-4479, ¶ 54 ("Ohio courts have found that child pornography offenses are offenses of dissimilar import when each offense involves a separate file or image."); *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 53, quoting *Eal* at ¶ 93 ("Each child pornography file or image that is downloaded is 'a new and distinct crime.' "); *State v. Blanchard*, 8th Dist. Cuyahoga No. 90935, 2009-Ohio-1357, ¶ 12, *rev'd on other grounds in In re Cases Held for Decision in State v. Williams*, 130 Ohio St.3d 254, 2011-Ohio-5348, 957 N.E.2d 289 (holding that the trial court was not required to merge various charges of pandering based on numerous photographs, because each photo involved "a separate physical act to take the photograph, and resulted in a separate photographic image"). Thus, 27 of Sanders's offenses definitely did not merge as allied offenses.

{¶ 36} The images and videos here formed three groups. Five images showed nude minors, and these were the basis of the five illegal-use offenses under R.C. 2907.323(A)(3). Nineteen images and videos showed a minor engaging in sexual activity, and these were the basis of the 19 reproducing sexually oriented material offenses under R.C. 2907.322(A)(1), as well as the 19 possessing offenses under R.C. 2907.322(A)(5). Lastly, three images focused on the genitalia of minors, and these were the basis for the three reproducing obscene material offenses under R.C. 2907.321(A)(1) and for the three possessing offenses under 2907.321(A)(5). Those offenses that did not merge, then, were: the five illegal-use offenses, *either* the 19 reproducing sexually-oriented material offenses *or* the 19 possessing sexually-oriented material offenses, and *either* the three reproducing obscene-material offenses *or* the three possessing obscene-material offenses. So the merger issue in this case boils down to whether the reproducing and possessing offenses charged under each statute were allied offenses.

{¶ 37} "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 26. It is the evidence that "reveal[s] whether the offenses have similar import." *Id.* "A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed?" *Id.* at ¶ 25. Accordingly, we turn to what the evidence showed about how Sanders committed the reproducing and possessing offenses.

{¶ 38} Sanders was found to have downloaded the pornographic material over the internet onto his cellphone (reproducing) and to have viewed it or stored it there

(possessing). We think that this represents separate conduct. A person who views images or videos on a webpage "possesses" that material, at least temporarily. If the person then downloads the material, saving it to his device, he has reproduced it. As we said earlier, creating a copy of a pornographic image by downloading it over the internet constitutes reproduction. *See State v. Hodge*, 2d Dist. Miami No. 2013-CA-27, 2014-Ohio-1860, ¶ 10. Not only does the conduct in these two scenarios differ, but also the potential harm that could result. Simply viewing the pornographic material on a website is arguably less harmful than the harm that could result from downloading the material, because saving a copy of material allows one to easy distribute it or show it to another person.

{¶ 39} Sanders did not carry his burden to prove that the offenses were allied. Given the evidence in this case, the reproducing and possessing offenses under R.C. 2907.322 and R.C. 2907.321 were supported by different conduct. The trial court did not plainly err by imposing separate sentences for each offense.

{¶ 40} The fourth assignment of error is overruled.

### E. Consecutive sentences

{¶ 41} The fifth assignment of error alleges:

THE COURT ERRED WHEN IT GAVE CONSECUTIVE SENTENCES.

{¶ 42} Sanders argues that the record does not support the trial court's consecutive-sentence findings.

{¶ 43} "R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under * * * 'division * * * (C)(4) of section 2929.14 * * * of the Revised

Code.' " *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting R.C. 2953.08(G)(2).

**{¶ 44}** The record shows that the trial court made the findings required by R.C. 2929.14(C)(4). It found that consecutive sentences were necessary to protect the public from future crime and to punish Sanders, that consecutive sentences were not disproportionate to the seriousness of Sanders's conduct and to the danger that he posed to the public, and that two or more of the multiple offenses were committed as part of a course of conduct and the harm caused was so great or unusual that no single prison term adequately reflected the seriousness of his conduct. This recitation legally satisfied R.C. 2929.14(C)(4). *See State v. McClain*, 2d Dist. Champaign No. 2019-CA-12, 2020-Ohio-952, ¶ 31. Reasons for the consecutive-sentence findings were not required. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶ 45}** We are unable to find by clear and convincing evidence in the record that the consecutive sentences were unsupported. We note that Ohio courts have regularly found consecutive sentences to be appropriate where a defendant is in possession of multiple pornographic images. *E.g.*, *State v. Bosley*, 7th Dist. Mahoning No. 16 MA 0100, 2017-Ohio-7643, ¶ 10-12 (affirming consecutive sentences where the defendant downloaded 97 files of child pornography at one time); *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 54-55 (affirming consecutive sentences where the defendant downloaded child pornography at different times as part of a course of conduct).

**{¶ 46}** The fifth assignment of error is overruled.

**III. Conclusion**

{¶ 47} We have overruled each of the assignments of error presented. The trial court's judgment is therefore affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
Glenda A. Smith
Hon. Douglas M. Rastatter