[Cite as *State v. Schramm*, 2022-Ohio-1535.]

N THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-21-051

        Appellee                                 Trial Court No.  2020CR0422

v.

Michael Schramm                                  **<u>DECISION AND JUDGMENT</u>**

        Appellant                                Decided:  May 6, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**MAYLE, J.**

## I.  Introduction

**{¶ 1}** The defendant-appellant, Michael Schramm, appeals a June 17, 2021

judgment of the Wood County Court of Common Pleas that sentenced him to serve 38

years in prison following his guilty plea and conviction of multiple sex offenses.  On

appeal, Schramm argues that his counsel was ineffective for recommending that he plead

guilty to seven counts of pandering sexually oriented material involving a minor because,

had the case proceeded to trial, he believes that he had a defense that would have resulted in his acquittal or, at the very least, he would have been subject to a considerably shorter prison sentence. As set forth below, we affirm the trial court's judgment.

## II. History

{¶ 2} Schramm, aged 46, was indicted on October 8, 2020 on seven counts of pandering, in violation of R.C. 2907.322(A)(1), all felonies of the second degree (Counts 1-7); one count of possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree (Count 8); and five counts of gross sexual imposition ("GSI"), in violation of R.C. 2907.05(A)(1) and (C)(1), all felonies of the fourth degree (Counts 9-13). The indictment identified two victims: brothers J.F., aged 15, and I.F., aged 13, with regard to the GSI offenses.

{¶ 3} According to the record, the police received multiple reports that Schramm had improper sexual contact with the victims. Under police questioning, Schramm agreed to turn over three cell phones in his possession. Following forensic testing, "numerous images of [naked] adolescent males" were found on a password-protected "app" on Schramm's phone. Schramm told police that he "had not accessed [those images] in a while."

{¶ 4} At the change-of-plea hearing, Schramm pled guilty to all seven pandering counts and two GSI counts (Counts 9 and 13). In exchange, the state requested that the court dismiss the three remaining GSI offenses (Counts 10-12) and the criminal tools

2.

offense (Count 8). The parties made a joint recommendation that Schramm receive a 14-year prison sentence.

{¶ 5} During the colloquy, the court advised Schramm that it was not bound by the sentencing recommendation. It explained that Schramm could face a maximum prison sentence of up to eight years as to each pandering offense, and up to 18 months as to each GSI offense, for a maximum prison sentence of 59 years, if the terms were ordered to be served consecutively. The court also explained the constitutional rights Schramm would waive by pleading guilty and his obligations as a Tier II sex offender. Schramm acknowledged the terms of the plea agreement, the maximum potential sentence and waiver of rights, in writing and on the record.

{¶ 6} Next, the state summarized the evidence that it would have presented, had the case gone to trial. Afterward, the court accepted Schramm's plea, found him guilty, and ordered the preparation of a presentence investigation ("P.S.I.") for sentencing.

{¶ 7} At sentencing, the trial court noted that Schramm's criminal history includes a 2013 plea to GSI, resulting in a 17-month prison sentence. Schramm was alleged to have "typed in porn into a search engine and while watching the video had a [15-year old] ingratiate [him]."

{¶ 8} The court sentenced Schramm to serve five years in prison as to each count set forth in Counts 1-7 (Pandering) and 18 months as to Counts 9 and 13 (GSI), all terms to be served consecutively to another, for an aggregate prison sentence of 38 years. The

3.

court also imposed five years of post-release control and classified Schramm as a Tier II sex offender.

{¶ 9} Schramm appealed and assigns the following error for our review:

STATEMENT OF ASSIGNMENT OF ERROR: APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

### III. Law and Analysis

{¶ 10} "The Sixth Amendment to the United States Constitution guarantees a defendant the effective assistance of counsel at critical stages of a criminal proceeding, including when he enters a guilty plea." (Internal citations and quotations omitted.) *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 14. When a defendant alleges ineffective assistance of counsel arising from the plea process, the defendant must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.; see also State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992) (applying *Strickland* to guilty pleas). That is, the defendant must first show that counsel's performance was deficient. *Id.* Second, the defendant must demonstrate prejudice resulting from counsel's deficient performance. *Id.*

{¶ 11} Although Schramm asserts—correctly—that his ineffective assistance claim should be evaluated under the two-part test established in *Strickland*, he also claims that his counsel's defective performance rendered his plea "unintelligent, unknowing, and

4.

involuntary." As the Ohio Supreme Court explained in *Romera,* "[w]hen, as here, a defendant asserts a claim of ineffective assistance of counsel, the court must focus on counsel's deficient performance and the prejudice arising from that deficiency." *Id.* at ¶ 18. And, "an inquiry into whether a defendant entered his plea knowingly and voluntarily, 'is not the correct means by which to address a claim of ineffective assistance of counsel'" because the duty to ensure that a plea is entered voluntarily arises from the constitutional right to due process whereas counsel's duty to provide competent advice arises from the Sixth Amendment. *Id.,* quoting *Laffler v. Cooper,* 566 U.S. 156, 173, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).

### Counsel's performance was not deficient.

{¶ 12} With regard to the first element, a reviewing court must determine whether trial counsel's assistance fell below an objective standard of reasonable advocacy. *State v. Reynolds*, 6th Dist. Lucas No. L-16-1021, 2017-Ohio-1478, ¶ 58-59, citing *State v. Bradley,* 42 Ohio St.3d 136, 141–142, 538 N.E.2d 373 (1989). But, trial strategy "must be accorded deference and cannot be examined through the distorting effect of hindsight." *Id.,* quoting *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 115. Accordingly, we apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" with the "benchmark" being "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having a produced a just result." *Strickland* at 689.

5.

**{¶ 13}** In this case, Schramm argues that trial counsel was ineffective for recommending that he plead guilty to *second* degree pandering offenses, under Section (A)(1) of R.C. 2907.322, because "the evidence only support[ed] *fourth* degree felony pandering offenses," under Section (A)(5). (Emphasis added.) The statute provides, in relevant part,

(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

(1) *Create, record, photograph, film, develop, reproduce, or publish* any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality; * * *

(5) Knowingly *solicit, receive, purchase, exchange, possess, or control* any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality[.] (Emphasis added.)

**{¶ 14}** Each pandering count in the indictment identified a unique website containing "separate images involving child pornography" that Schramm was alleged to have "downloaded" onto his cellphone. (Tr. at 21). At the change-of-plea hearing, the state elaborated that,

[Schramm] did download on his cellphones child pornography. The State would have brought in the necessary witness that would have shown

6.

that there were juveniles engaging in sexual activity in those listed child pornography charges for Counts One through Seven. The State would have brought in testimony that Michael Schramm was the owner and possessor of cellphones as well as hard drives that contained that downloaded child pornography using it in the commission of the crime.

{¶ 15} Schramm argues that "[i]t is more than apparent * * * that he was charged under the wrong subsection" because the evidence—as articulated by the state—"merely shows" that he "received, possessed, or controlled" child pornography, i.e. violations of Section (A)(5). He further claims that are were no facts to show that he "created, recorded, photographed, filmed, developed, reproduced, or published" child pornography to support charges under Section (A)(1). Schramm concludes that counsel's recommendation—that he plead guilty to offenses that, "as drawn were wrong"— amounts to ineffective assistance and cannot be considered trial strategy. We disagree.

{¶ 16} At the change-of-plea and sentencing hearings, the state alleged that Schramm "downloaded" child pornography from the internet onto his phone. The process of "downloading" images from the internet to a cellphone requires taking "active steps to select the images and *recreate* them within [the] phone. As part of the downloading process, the software within the phone *creates a copy of the image*, completely independent of the image on the website." (Emphasis added.) *State v. Kimes*, 5th Dist. Delaware No. 20 CCA 03 0015, 2021-Ohio-650, ¶ 34. Thus, "[a]t the completion of the downloading process, two separate copies of the image exist[]—one on

7.

the website and one on [the] phone." *Id.* (Finding sufficient evidence existed to support multiple pandering convictions where the state presented evidence that the defendant "downloaded" child pornography); *See also,* Merriam-Webster.com (The term "download" means "to transfer (data, files, etc.) from one location (such as a large computer or the cloud) to another (such as a smaller computer, smartphone, or storage device)."). As Schramm acknowledges, other appellate districts have specifically found that the act of downloading child pornography violates R.C. 2907.322(A)(1). Thus, "[t]he state can prove that an offender *reproduced* [pornographic material] by presenting evidence that the offender *downloaded* images from the Internet onto a hard drive." (Emphasis added.) *State v. Sanders,* 2d Dist. Clark No. 2019-CA-86, 2021-Ohio-2431, ¶ 12, quoting *State v. Kraft,* 1st Dist. Hamilton No. C-060238, 2007-Ohio-2247, ¶ 92. *See also State v. Huffman,* 1st Dist. Hamilton No. C-050044, 2006-Ohio-1106, ¶ 49 ("A rational trier of fact could reasonably have concluded that Huffman had reproduced the images, either by backing up the data that had been on his hard drive or by downloading it from the Internet."). *Accord State v. Hurst,* 181 Ohio App.3d 454, 2009-Ohio-983, 909 N.E.2d 653, ¶ 69 (5th Dist.), quoting *United States v. Romm,* 455 F.3d 990, 993 n. 3 (9th Cir.2006), *cert. denied,* 549 U.S. 1150, 127 S.Ct. 1024, 166 L.Ed.2d 772 (2007) ("The term 'downloading' generally refers to the act of manually storing a copy of an image on the hard drive for later retrieval.").

{¶ 17} Based upon the above, we find that Schramm—by downloading the offending images from the internet onto his phone—violated R.C. 2907.322(A)(1).

8.

Therefore, we reject Schramm's argument that trial counsel was deficient for failing to advise him that "the State of Ohio could not prove the charged pandering offenses against him, because he was not guilty of any of the conduct proscribed by R.C. 2907.322(A)(1)."

{¶ 18} Because trial counsel's performance was not deficient, it cannot—as a matter of law—rise to the level of ineffective assistance. We therefore need not consider the second prong of the ineffective-assistance analysis. Accordingly, we find that trial counsel did not render ineffective assistance, and his assignment of error is found not well taken.

## IV. Conclusion

{¶ 19} Having overruled Schramm's sole assignment of error, the June 17, 2021 judgment of the Wood County Court of Common Pleas is affirmed. Costs are assessed to Schramm pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.      _____
                JUDGE

Thomas J. Osowik, J.

                _____

Christine E. Mayle, J.       JUDGE
CONCUR.

                _____

                JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported

version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.