[Cite as *State v. Lockett*, 2025-Ohio-5076.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Antonio Lockett

Appellant

Court of Appeals No. {48}L-25-00086

Trial Court No. CR0202402716

**DECISION AND JUDGMENT**

Decided:  November 7, 2025

* * * * *

Tyler Naud Jechura, for appellant.

Julia R. Bates, Esq., Lucas County Prosecutor, and
Lorrie J. Rendle, Assistant Prosecutor, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Antonio Lockett, appeals the April 10, 2025 judgment of the Lucas County Court of Common Pleas, convicting him of aggravated vehicular homicide and failure to stop after a nonpublic road accident, and sentencing him to a total

prison term of a minimum of ten years and a maximum of 13 years. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} Antonio Lockett was indicted on the following charges in connection with the October 20, 2024 accident that caused the death of G.E.: aggravated vehicular homicide, a violation of R.C. 2903.06(A)(2)(a) and (B)(3), a third-degree felony (Count 1); failure to stop after a nonpublic road accident, a violation of R.C. 4549.021(A)(2) and (B)(3)(b), a second-degree felony (Count 2); and failure to stop after a nonpublic road accident, a violation of R.C. 4549.021(A)(2) and (B)(3)(a), a third-degree felony (Count 3).

{¶ 3} Lockett entered a plea of guilty to Counts 1 and 2. The trial court found Lockett guilty, ordered a presentence investigation report, and continued the matter for sentencing. At the sentencing hearing, the trial court imposed a prison term of 48 months on Count 1. On Count 2, it imposed a minimum stated prison term of six years and a maximum stated prison term of nine years. It ordered that the sentences be served consecutively, for a total prison term of a minimum of ten years and a maximum of 13 years.

{¶ 4} Lockett appealed. He assigns the following errors for our review:

I. The Trial Court failed to properly state its reasoning when it sentenced Mr. Lockett to consecutive sentences.

II. The record does not support the findings by the trial court and the sentence itself is excessive, making the Defendants (sic) sentence contrary to law.

## II. Law and Analysis

{¶ 4} In his first assignment of error, Lockett argues that the trial court did not state the reasons for imposing consecutive sentences. In his second assignment of error, Lockett argues that the record does not support the trial court's findings, and he maintains that the sentence is excessive.

{¶ 5} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

## A. Consecutive Sentences

{¶ 6} In his first assignment of error, Lockett challenges the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4). Under that section, where a trial court imposes multiple prison terms for convictions of multiple offenses, it may require the offender to serve the prison terms consecutively if it finds that "consecutive service is necessary to protect the public from future crime or to punish the

3.

offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, . . ." and if it also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 7} Thus, this statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 2018-Ohio-493, ¶ 252; *State v. Bonnell*, 2014-Ohio-3177, ¶ 26. It must find that (1) consecutive sentences are necessary to protect the public or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. While "a word-for-word recitation of the language of the statute is not required, . . ." a reviewing court must be able to discern that the trial court engaged in

4.

the correct analysis and the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29.

{¶ 8} Lockett argues that "the trial court never made any analysis on the record as to why consecutive sentences are required to be served by the Defendant." This is simply untrue. The trial court addressed consecutive sentences and explained:

> Your sentences in Counts 1 and 2 are ordered to be served consecutively to one another for a total stated prison term of 10 to 13 years. The Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and not disproportionate to the seriousness of the Defendant's conduct or the danger the Defendant poses to the public.
>
> The Court further finds the Defendant was under a Community Control sanction for a prior offense when this offense was committed and that his criminal history requires consecutive sentences.

In addition to making these findings at the sentencing hearing, the trial court incorporated its findings into the judgment entry.

{¶ 9} Accordingly, the trial court made all the required findings necessary to impose consecutive sentences. We find Lockett's first assignment of error not well-taken.

## B. The Trial Court's Findings

{¶ 10} In his second assignment of error, Lockett argues that "there was no evidence placed on the record that would justify the [ten to 13-year] sentence he was given." In other words, he claims that the record does not support the trial court's findings in support of his sentence.

5.

{¶ 11} "Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence." *State v. Glover,* 2024-Ohio-5195, ¶ 43. And as to the consecutive-sentences findings, under the plain language of R.C. 2953.08(G)(2), an appellate court must defer to a trial court's consecutive-sentence findings and uphold those findings "unless [they] are clearly and convincingly not supported by the record." *Id.* at ¶ 44. "Conformity with R.C. 2929.14(C)(4) requires the trial court to . . . note that it engaged in the analysis and that it has considered the statutory criteria and specifie[d] which of the given bases warrants its decision." (Internal quotations omitted and brackets in original.) *State v. Jones*, 2024-Ohio-1083, ¶ 14.

{¶ 12} The "clear and convincing evidence" required by R.C. 2953.08(G)(2) is "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gwynne,* 2023-Ohio-3851, ¶ 14 (lead opinion), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court "must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *Id.* at ¶ 15.

{¶ 13} Lockett emphasizes that he expressed remorse, that this was just an accident, and that he admitted that he made a mistake when he left the scene. But video

6.

evidence of the crime was submitted for the court's consideration. Lockett aggressively backed out of a parking spot in a crowded parking lot; struck G.E. pinning her body under the vehicle; dragged her body as he rammed into the car behind him; ran her over again as he exited the parking lot; stopped his vehicle and got out; ran into the middle of the road to retrieve the victim's hat; placed the hat on or near G.E.'s body; then got back into the vehicle and sped away without seeking medical assistance for her. The trial court's findings—that consecutive service is (1) necessary to protect the public or to punish Lockett; and (2) not disproportionate to the seriousness of Lockett's conduct and to the danger that he poses to the public—are clearly and convincingly supported by the record.

{¶ 14} As to the R.C. 2929.14(C)(4)(a), (b), or (c) factors, Lockett maintains that "as can be seen from the record," he does not have an extensive criminal record. Again, this statement is untrue. A review of Lockett's PSI reveals that his criminal history is 15 pages long and spans 35 years. We observe that many charges against him resulted in dismissals, but he has served numerous stints in prison and jail and often received the benefit of community control, probation, and drug treatment, yet continued to reoffend. We are very comfortable characterizing Lockett's criminal history as "extensive." Additionally, at the time he committed this offense, he was on probation in Lucas County case No. CR0202302676, a fact that Lockett fails to acknowledge in his brief.

7.

{¶ 15} Accordingly, Lockett's PSI demonstrates that the trial court's findings in support of consecutive sentences are clearly and convincingly supported by the record. We find Lockett's second assignment of error not well-taken.

### III. Conclusion

{¶ 16} The trial court made the required findings in support of consecutive sentences both at the sentencing hearing and in its judgment entry. The trial court's findings are clearly and convincingly supported by the record. We find Lockett's assignments of error not well-taken. The April 10, 2025 judgment of the Lucas County Court of Common Pleas is affirmed. Lockett is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


| Thomas J. Osowik, J. | [[Applied Signature]] |
| | JUDGE |

| Christine E. Mayle, J. | [[Applied Signature 2]] |
| | JUDGE |

| Myron C. Duhart, J. | [[Applied Signature 3]] |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.