**[Cite as *State v. Sweet*, 2026-Ohio-1082.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No.  {48}L-25-00111

     Appellee                                   Trial Court No.  CR020250379

v.

Jason M. Sweet                              **<u>DECISION AND JUDGMENT</u>**

     Appellant                                  Decided: March 27, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and,
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Jason M. Sweet, appeals the May 2, 2025 judgment of the Lucas County Court of Common Pleas, convicting him of numerous child-pornography offenses and imposing an aggregate prison term of a minimum of 48 years and a maximum of 52 years.  For the following reasons, Sweet's appeal is affirmed.

## I. Background

{¶ 2} Jason Sweet entered a plea of guilty to four counts of pandering obscenity involving a minor or impaired person, violations of R.C 2907.321(A)(1) and (C), second-degree felonies (Counts 1 through 4); five counts of pandering sexually-oriented matter involving a minor or impaired person, violations of R.C. 2907.322(A)(1) and (C), second-degree felonies (Count 5 through 9); and four counts of illegal use of a minor or impaired person in nudity-oriented material or performance, violations of R.C. 2907.323(A)(1) and (B), second-degree felonies (Counts 10 through 13). The trial court accepted Sweet's plea, made a finding of guilty, referred the matter for a presentence investigation report, and continued the matter for sentencing.

{¶ 3} The trial court ordered Sweet to serve a minimum prison term of eight years and a maximum prison term of 12 years as to each Count. It ordered that the terms imposed for Counts 1 through 4 and Counts 5 through 9 be served concurrently to each other. It ordered that the terms imposed for Counts 1 through 4, Counts 5 through 9, Count 10, Count 11, Count 12, and Count 13 be served consecutively to each other. The aggregate prison term imposed was a minimum of 48 years and a maximum of 52 years.

{¶ 4} Sweet appealed. He assigns the following errors for review:

I. The trial court erred in imposing consecutive sentences[.]

II. Mr. Sweet received ineffective assistance of counsel concerning pleading to the indictment, failing to mitigate, and failing to correctly argue proportionality at sentencing under the United States Constitution and sections 10 & 16, Art. I of the Ohio Constitution, which resulted in a plea that was not knowing, intelligent, or voluntary[.]

2.

## II. Law and Analysis

{¶ 5} Sweet claims error in the trial court's imposition of consecutive sentences and argues that the ineffective assistance of counsel led him to enter a plea that was not knowing, intelligent, or voluntary.

## A. Consecutive Sentences

{¶ 6} In his first assignment of error, Sweet argues that the trial court erred in imposing consecutive sentences. Appellate courts review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that the court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 7} Sweet's challenge is to the imposition of consecutive sentences under R.C. 2929.14(C)(4). Under that section, where a trial court imposes multiple prison terms for convictions of multiple offenses, it may require the offender to serve the prison terms consecutively if it finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, . . ." and if it also finds any of the following:

3.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} In other words, this statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 2018-Ohio-493, ¶ 252; *State v. Bonnell*, 2014-Ohio-3177, ¶ 26. It must find that (1) consecutive sentences are necessary to protect the public or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. While "a word-for-word recitation of the language of the statute is not required . . .," a reviewing court must be able to discern that the trial court engaged in the correct analysis. *Bonnell* at ¶ 29.

{¶ 9} Here, the trial court made the required findings both at the sentencing hearing and in its judgment. It found (1) "[c]onsecutive sentences are necessary to protect the public from future crime or to punish the offender," (2) consecutive sentences

4.

are "not disproportionate to the seriousness of the offender's conduct and the danger the offender poses," and (3) "defendant was on bond awaiting trial when these events occurred" *and* "at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct"—i.e., both R.C. 2929.14(C)(4)(a) and (b) apply.

{¶ 10} An appellate court may modify or vacate the imposition of consecutive sentences, but only when it concludes that the record clearly and convincingly does not support the trial court's findings. *State v. Glover,* 2024-Ohio-5195, ¶ 2, 43, citing R.C. 2953.08(G)(2). It may not consider the defendant's aggregate sentence, nor may it "simply substitute its view of an appropriate sentence for that of the trial court." *Id.* at ¶ 43-44. "Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings." *Id.* at ¶ 43. In doing so, "[i]t must examine the evidence in the record that supports the trial court's findings." *Id.* at ¶ 45.

{¶ 11} In *Glover*—a non-binding plurality decision, but one that this court has applied, *see State v. Hammons,* 2024-Ohio-6128, ¶ 22-24 (6th Dist.), *appeal allowed,* 2025-Ohio-1483—the Ohio Supreme Court interpreted the "clear-and-convincing" standard set forth in R.C. 2953.08(G)(2). It explained that R.C. 2953.08(G)(2) "does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence." *Id.* at ¶ 46. Rather, it permits modification or

5.

vacation of consecutive sentences "only when the appellate court 'clearly and convincingly finds' that the evidence does *not* support the trial court's findings." (Emphasis in original.) *Id.,* quoting R.C. 2953.08(G)(2)(a). Deference must be given to the trial court's consecutive-sentence findings. *Id.* An appellate court may not simply substitute its judgment for that of the trial court. *Id.*

{¶ 12} Sweet's argument focuses on the trial court's proportionality finding. He argues that his sentence must be considered in the aggregate. He cites cases where more "serious" conduct garnered a lesser aggregate sentence. He points out that the State requested a sentence "in excess of 20 years." And he recites observations that the trial court made at the sentencing hearing that he claims mitigated his conduct, including that Sweet did not inflict serious physical harm; there was no physical contact with any victim in 11 of the Counts; the victim did not commit suicide; Sweet did not hold a position of trust or elective office; he was not on probation when the offenses occurred; he expressed remorse and had a "minimal" criminal history; and addiction played a role in his offenses.

{¶ 13} In *Glover*, the Court recognized that "[t]he proportionality requirement is phrased in the negative[.]" *Id.* at ¶ 52. It explained that "R.C. 2929.14(C) does not require that the trial court find that consecutive sentences are proportionate to the seriousness of the defendant's conduct and the danger he poses to the public before it may impose consecutive sentences. Instead, it requires that the trial court find that consecutive sentences 'are not disproportionate' to the defendant's conduct and the danger he poses." *Id.* As such, it explained, *"the appellate court may not reverse simply*

6.

because it determines that a trial court's proportionality finding is not supported by the record. Rather, it may modify or vacate only when it finds that the record 'clearly and convincingly' 'does *not* support' the trial court's finding that consecutive sentences are not disproportionate." (Emphasis in original.) *Id.,* quoting R.C. 2953.08(G)(2)(a). The Court described that these negative constructions mean that the appellate court's review of a trial court's proportionality finding is constrained. *Id.*

{¶ 14} Notably, the Ohio Supreme Court in *Glover* emphasized that "[t]here is no requirement in law . . . that consecutive sentences are only appropriate when an offender inflicts physical harm on his victims." *Glover* at ¶ 55. The Court also pointed out that R.C. 2953.08(G)(2) does not permit an appellate court to consider the State's sentencing request when reviewing the imposition of consecutive sentences, nor does it permit a comparative analysis of sentences imposed in other cases. *Id.* at ¶ 57, 59. And the Court reiterated that the appellate court and trial court's possible disagreement as to the magnitude of the harm inflicted does not render a trial court's finding clearly and convincingly *not* supported by the record. *Id.* at ¶ 55.

{¶ 15} Here, the trial court considered the factors that Sweet articulated above. But it cautioned Sweet: "[T]here is more that I must consider, sir." The court provided the following rationale for the sentence it imposed:

> First, the age of the victims in this case and the physical and mental injuries they sustained. Several of the videos found on your computer equipment show little girls as young as 3 years old being vaginally and anally . . . raped and being forced to perform fellatio on pre-pubescent and adult males and even an animal.

7.

You used an encrypted app to store even more images that could not be retrieved. Then there is the 6-year-old girl you dragged to the front seat of your taxi as you were taking her to school with her 8 and 9-year-old brothers in the backseat. Removed her pants and underwear, took pictures of her genitalia, but deleted the photos before law enforcement could retrieve them. One can only imagine the trauma these victims suffer and will continue to suffer.

That little girl was clearly a target for you. You were quite cold and calculated in the way you tried to set up an ostensible play date. You also made sure you disconnected the taxi's in-car camera so there would be no video evidence of your crime against her.

You were hired to drive the kids to school giving you access to the little girl you abused as a result of your job.

While you were not on probation at the time, the record indicates you had just come off probation for domestic violence a few weeks prior to the date of most of these charges. You were on bond to Maumee court. You have one federal felony for a crime of dishonesty, bank embezzlement, which calls into question the authenticity of your expression of remorse.

l also have to consider whether these offenses were committed under circumstances not likely to recur. Your text messages indicate that you look for situations where you can victimize children, especially young girls. You found a job driving little kids to school. You attempted to set up play dates with your girlfriend's daughter to gain access to more children. You offered money to people who can provide you with young victims. And that's just the PG rated version of your messages. I won't read in open court the utterly perverted, obscene and wicked things that you have done and want to do to children.

The purpose of sentencing you to prison is to protect the public, punish you for this behavior and promote your rehabilitation using the minimum sanctions that the court determines accomplishes these purposes without imposing an unnecessary burden on state or local government resources.

Incapacitating you from victimizing any other children is unquestionably more important than the cost of locking you up or rehabilitating you. The seriousness of your conduct demands that the only way you leave prison is horizontally or if you should live that long when

8.

you are well into your nineties.  This court will not risk having another child fall prey to your depravity.

{¶ 16} Having reviewed the record, including the hearing transcripts, sentencing memoranda, and PSI, this court cannot say that the record clearly and convincingly does not support the trial court's finding that consecutive sentences were not disproportionate to the seriousness of Sweet's conduct and to the danger that he poses to the public.

{¶ 17} Accordingly, Sweet's first assignment of error is not well-taken.

## B.  Ineffective Assistance of Counsel

{¶ 18} In his second assignment of error, Sweet argues that the ineffective assistance of counsel led him to enter a plea that was not knowing, intelligent, or voluntary.  He complains that counsel did not move to suppress evidence, did not request a bill of particulars, did not object to the trial court's proportionality findings, and did not investigate the bases for the charges.  While he acknowledges that he told the court he was pleading guilty "because I'm guilty," as to Counts 1 through 11, Sweet now "strongly disputes whether he engaged in the conduct required for the" second-degree felonies with which he was charged; he insists that his conduct supported only fourth-degree charges because he merely possessed the prohibited materials.  Sweet maintains that the State's sentencing memorandum undermines its claim that he committed the higher-level offenses with which he was charged.  He insists that trial counsel "did not recognize the weakness of the state's case."

{¶ 19} The State disputes Sweet's characterization of his conduct.  It maintains that Sweet created child sexual abuse materials ("CSAM") when he downloaded, saved,

9.

and copied the digital files. It argues that victims are revictimized whenever users download, save, or duplicate CSAM, resulting in the creation of another digital file. The State further claims that the failure to request a bill of particulars does not constitute ineffective assistance of counsel. And it argues that Sweet cannot establish prejudice resulting from trial counsel's ineffective assistance. It emphasizes that if Sweet had not reached a plea agreement with the State, the State was prepared to bring additional counts against him based on additional CSAM discovered on Sweet's flash drive, phone, Google account, and other devices searched during the investigation.

{¶ 20} To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287 (7th Dist. 1995). To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 2008-Ohio-3426, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151 (2002).

{¶ 21} Properly licensed Ohio lawyers are presumed competent. *State v. Banks,* 2002-Ohio-4858, ¶ 16 (9th Dist.). To establish ineffective assistance of counsel, the

10.

defendant must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *Strickland* at 688-692. As recognized in *Strickland,* there are "countless ways to provide effective assistance in any given case." *Id.* at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland* at 689.

{¶ 22} Sweet urges us to reject the *Strickland* test in evaluating trial counsel's performance, and instead used a totality-of-the-circumstances approach. However, this court has recognized that the two-part *Strickland* test applies when a defendant claims that he received ineffective assistance of counsel in relation to a guilty plea. *State v. Frisbie,* 2024-Ohio-5523, ¶ 23 (6th Dist.), *appeal not allowed,* 2025-Ohio-857, citing *Hill v. Lockhart*, 474 U.S. 53, 58 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland*. "To show prejudice in relation to a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Cleaned up.) *Id.,* citing *Lockhart* at 59.

{¶ 23} "A claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea to be involuntary." *State v. Heising*, 2008-Ohio-6803, ¶ 12 (6th Dist.), citing *State v. Bennett*, 2008-Ohio-5812, ¶ 5 (6th Dist.). In other words, Sweet must show that counsel's alleged errors "precluded

11.

[him] from knowingly, intelligently and voluntarily entering his guilty plea." *State v. Tingler*, 2022-Ohio-3792, ¶ 11 (4th Dist.); *State v. Spates*, 64 Ohio St.3d 269, 272 (1992).

{¶ 24} Sweet's primary claim is that he didn't truly understand that at most, he possessed CSAM, rather than having created it or reproduced it, thus his plea was not knowing, intelligent, and voluntary. The State disagrees that Sweet's conduct did not constitute the creation or reproduction of CSAM. While its sentencing memorandum focused mainly on the conduct concerning the child he recorded in his cab, the State does allege in its memorandum that Sweet reproduced CSAM.

{¶ 25} This court has recognized that one who downloads CSAM has "reproduced" it. *See State v. Schramm,* 2022-Ohio-1535, ¶ 16 (6th Dist.). Sweet conceded in his sentencing memorandum that he downloaded images. Moreover, there is no evidence in the record from which this court can conclude that Sweet was charged under the wrong provision or that his conduct did not support the elevated degree of the offenses. "A claim of ineffective assistance of counsel that requires consideration of evidence outside the record of trial court proceedings cannot be considered on direct appeal." *State v. Stuart,* 2012-Ohio-2961, ¶ 21 (6th Dist.). As such, Sweet has not demonstrated a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, or that his plea was not knowing, intelligent, and voluntary.

{¶ 26} As for the failure to file a suppression motion or seek a bill of particulars, there is also nothing in the record demonstrating that a motion to suppress was warranted

12.

or that a bill of particulars was needed. And while Sweet claims that trial counsel did not argue disproportionality at sentencing, trial counsel filed a detailed sentencing memorandum seeking to mitigate Sweet's sentence and argued zealously at the sentencing hearing. Again, this court cannot say that Sweet has shown that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Nor do his arguments demonstrate that counsel's performance rendered his plea not knowing, intelligent, or voluntary.

{¶ 27} Sweet's second assignment of error is not well-taken.

### III. Conclusion

{¶ 28} Having reviewed the record, including the hearing transcripts, sentencing memoranda, and PSI, this court cannot say that the record clearly and convincingly does not support the trial court's finding that consecutive sentences were not disproportionate to the seriousness of Sweet's conduct and to the danger that he poses to the public. Sweet's first assignment of error is not well-taken.

{¶ 29} There is no evidence in the record from which this court can conclude that Sweet's conduct did not support the elevated degrees of the offenses, nor is there evidence in the record demonstrating that a motion to suppress was warranted or that a bill of particulars was needed. Sweet has not demonstrated a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, and he has not shown that the ineffective assistance of counsel rendered his

13.

plea not knowing, intelligent, and voluntary. His second assignment of error is not well-taken.

{¶ 30} The May 2, 2025 judgment of the Lucas County Court of Common Pleas is affirmed. Sweet is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.

_____
JUDGE

Myron C. Duhart, J.

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.