[Cite as *State v. Ashton*, 2026-Ohio-2023.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-25-050

    Appellee                                          Trial Court No. 2025CR0021

v.

Dillon Ronald Ashton                          **DECISION AND JUDGMENT**

    Appellant                                          Decided: May 29, 2026

* * * * *

Paul A. Dobson, Esq., Prosecutor and
Kristofer A. Kristofferson, Assistant Prosecutor for appellee.

Scott T. Coon, Esq., for appellant.

* * * * *

**SULEK, J.,**

{¶ 1} Appellant, Dillon Ronald Ashton, appeals from the July 18, 2025 judgment of the Wood County Court of Common Pleas convicting him of three counts of sexual battery and sentencing him to two prison terms of 60 months each and one prison term of 24 months, to be served consecutively for an aggregate sentence of 12 years. Ashton's

single assignment of error challenges the trial court's imposition of consecutive sentences. For the reasons that follow, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On January 23, 2025, the Wood County Grand Jury indicted Ashton on four counts of sexual battery in violation of R.C. 2907.03(A) and (B), a felony of the third degree (counts 1 through 4). According to the indictment, between July 1, 2023 and August 31, 2023, Ashton engaged in sexual conduct with a person of whom Ashton was the natural or adoptive parent, stepparent, guardian, custodian, or person in loco parentis. The charges stemmed from Ashton's repeated sexual contact with A.S., the 13-year-old daughter of his best friend, while A.S. was staying with Ashton and his wife in their home for a two-week visit without her parents.

{¶ 3} Ashton initially pleaded not guilty, but he withdrew his plea and entered a guilty plea to counts 1, 2, and 3 pursuant to a plea agreement with the State. In exchange for Ashton's guilty plea, the State agreed to dismiss count 4. The trial court accepted Ashton's guilty plea and ordered a presentence investigation (PSI). According to the PSI, Ashton also initiated sexual encounters with his niece twice, once while she was five years old and again while she was eight years old. Ashton provided a written statement regarding his offenses for the PSI in which he admitted to engaging in multiple sexual encounters with A.S. while she was under his care. Ashton's statement also contained the following:

2.

I now know that I took advantage of [A.S.]'s childhood innocence and her trust in me. I understand now the damage I have caused, and that [A.S.] has a burden that she will carry for the rest of her life because of my actions.

{¶ 4} Prior to the sentencing hearing, A.S. and her mother sent letters to the trial court detailing the effects of Ashton's actions. Both letters included several details regarding the significant psychological and emotional trauma that they experienced as well as the lasting effects of that trauma.

{¶ 5} On July 17, 2025, Ashton appeared for sentencing. After explaining Ashton's obligations to register as a sex offender, the court heard from the State and Ashton. Ashton apologized to the victim, referring to himself as her uncle, and stating as follows:

I could have done so much good in her life, but, instead, I took advantage of her. I would have done anything to protect her, but what I was unable to see was that the thing I needed to protect her from the most was me. I'm so sorry for what I have done to her. I betrayed her trust, I caused her emotional and psychological damage and pain…. Her family doesn't deserve any of this either…. I failed them, I violated their trust. Her father has always been such a good friend to me, like a brother to me…. I'm truly sorry for the pain that I caused the family.

The State acknowledged Ashton's apology but pointed out that "no words here today erase the several instances of sexual assault perpetrated by someone who, necessarily, used the trust of his best friend and his best friend's daughter for purposes of sexual gratification and abuse and trauma."

3.

**{¶ 6}** The court then made the following findings about Ashton's conduct:

I have reviewed, as I said, the presentence investigation, I've also reviewed the principles and purposes of sentencing in 2929.11 and the seriousness and recidivism factors in 2929.12, I'll take all of those into consideration. I've also – I will note that I will take into consideration the letters that I've received; one from the victim, …, a second from her mother …, and then … maybe ten letters on behalf of the Defendant and the physician … on Mr. Ashton's behalf. I have read all of those, I will take those into consideration. Mr. Ashton, I hear your statements today, I will tell you that I appreciate you taking responsibility. And, certainly, not having to go to trial and putting the victim on the stand to revisit that trauma is appreciated, and I think hopefully, helpful to the recovery of [the victim]. What I would say, though , is that – and also will note that many of the letter writers cited several good things about you. I think the issue is, in some ways, those are nice things to consider. In other ways it causes me even a greater concern for you in the public. You're described as a person that's trustworthy and reliable, somebody that's charitable, somebody that gains the trust of other people. And you gain the trust of a lot of people in your life and, certainly, here, you used that trust to victimize a young person. I think that that is probably one of the biggest fears that a lot of parents have, and even in cases where their children aren't victimized, even non-victimized kids in this manner suffer because of the fear that their parents have that something like this will happen.

**{¶ 7}** The trial court then imposed a prison term for each count to be served consecutively, making the following additional findings:

I do not believe consecutive sentences are disproportionate to the seriousness of your conduct and to the danger that you pose to the public. I believe that it's necessary to protect the public from your future offenses and to punish you. Additionally, the Court will find that two or more of those offenses were committed as a part of a course of conduct that was so great and unusual that no single term adequately reflects the seriousness of that conduct.

**{¶ 8}** Ashton filed a timely appeal of his sentence.

4.

## II. Assignment of Error

{¶ 9} Ashton asserts the following assignment of error for review:

> "The trial court erred in ordering the sentences to be served consecutively in as much as the record does not support the findings required by Ohio Revised Code § 2929.14(C)(4)."

## III. Law and Analysis

{¶ 10} Felony sentencing challenges are reviewed under R.C. 2953.08(G)(2). That statute permits an appellate court to increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter for resentencing where the court clearly and convincingly finds:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 11} Generally, R.C. 2929.41(A) imposes a presumption that prison terms are to be served concurrently. *State v. Neff*, 2021-Ohio-3766, ¶ 65 (6th Dist.). To impose consecutive sentences, a trial court must make three findings in both the sentencing hearing and in the sentencing entry. R.C. 2929.14(C)(4). *See also State v. Bonnell*, 2014-Ohio-3177, syllabus; *State v. Sipperley*, 2020-Ohio-4609, ¶ 14 (6th Dist.). The three findings are as follows: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not

5.

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the findings listed in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Beasley*, 2018-Ohio-493, ¶ 252.

{¶ 12} Ashton's assignment of error alleges that the record does not support the trial court's findings under R.C. 2929.14(C)(4). In support, Ashton does not contest the trial court's first and second findings under R.C. 2929.14(C)(4), but he argues that the record does not support the trial court's third finding under R.C. 2929.14(C)(4)(b). That subsection provides as follows:

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

R.C. 2929.14(C)(4)(b).

{¶ 13} In support of his contention that the record does not support the trial court's finding under R.C. 2929.14(C)(4)(b), Ashton alleges that "no evidence was presented to the [c]ourt regarding the level of psychological harm suffered by the victims, although we may infer that the victims did, in fact, suffer psychological harm." He further argues that for a sentencing court to make a finding under R.C. 2929.14(C)(4)(b), the record must contain evidence of harm greater or more unusual than "the psychological harm inherently suffered by all victims of these serious offenses in every instance," and he points out that the legislature has not required sentences for his offenses to be served consecutively.

6.

{¶ 14} Notably, before an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter for resentencing, we must *clearly and convincingly* find that the record does not support the trial court's findings under R.C. 2929.14(C)(4)(b).  R.C. 2953.08(G) (Emphasis added.); *see also State v. Sweet*, 2026-Ohio-1082, ¶ 10, citing *State v. Glover*, 2024-Ohio-5195, ¶ 2, 43, citing R.C. 2953.08(G)(2).  Accordingly, "R.C. 2953.08(G)(2) 'does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence.'"  *Id*. at ¶ 11, quoting *Glover* at ¶ 46.  Instead, an appellate court "'must have a firm belief or conviction that the record does not support the trial court's findings'" to reverse a trial court's order imposing consecutive sentences.  *State v. Grover*, 2026-Ohio-95, ¶ 26 (6th Dist.), quoting *State v. Lockett*, 2025-Ohio-5076, ¶ 13 (6th Dist.), citing *State v. Gwynne*, 2023-Ohio-3851, ¶ 15 (lead opinion).

{¶ 15} The victim in this case, A.S., was a 13-year-old girl who was the child of Ashton's best friend, and Ashton considered himself to be "like a brother" to her father. Ashton engaged in sexual contact with A.S. on multiple occasions while she had been entrusted in Ashton's care by her parents.  In his own statements during his allocution and in the PSI, Ashton himself recognized that he violated the trust placed in him by both A.S. and her parents, "the psychological and emotional damage and pain" that he caused A.S., the "lifelong burden" that A.S. would carry due to his actions, and the pain he caused her parents.  In addition, the victim and her mother both wrote letters to the court providing details of the significant psychological and emotional trauma that they both

7.

experienced.  Accordingly, we cannot clearly and convincingly find that the record does not support the trial court's finding under R.C. 2929.14(C)(4)(b).

{¶ 16} Ashton's assignment of error is found not well-taken.  The trial court's judgment imposing consecutive sentences is affirmed.

## IV. Conclusion

{¶ 17} Based on the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed.  Ashton is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.